Territorial Law Library

**ORIGINAL**

IN THE SUPERIOR COURT OF GUAM

JOSEPH GOKITA MANIBUSAN, Pro Se,     )    Special Proceeding Case No. SP 0107-09
                                     )
                  Petitioner,        )
                                     )    **DECISION AND ORDER ON PETITION**
            vs.                      )    **FOR WRIT OF HABEAS CORPUS**
                                     )
SUPERIOR COURT OF GUAM,              )
DEPARTMENT OF CORRECTIONS, and       )
GUAM PAROLE BOARD                    )
                                     )
                  Respondents.       )
                                     )

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III, on November 28, 2011, on Joseph G. Manibusan's Petition for Writ of Habeas Corpus. Petitioner appeared in court, acting pro se. Assistant Attorney General Marianne Woloschuck represented the Respondents, Department of Corrections and the Guam Parole Board. Having given due consideration to the parties' arguments, the Court now issues its Decision and Order.

## FACTUAL BACKGROUND

On May 19, 1989, Petitioner pleaded guilty to charges of murder and guilt by complicity under title 9, sections 16.40(a)(1), 16.40(b) and 4.60 of the Guam Code in Guam Superior Court Criminal Case Nos. CF0137-89 and CF0126-89. On August 29, 1991, this Court sentenced petitioner to a term of life imprisonment, with parole eligibility after fifteen years. Petitioner was given credit for time served since 1989. The Judgment stated that Petitioner's sentence would run concurrent to and simultaneously with Petitioner's federal sentence in Federal District Court of Guam Case No. 89-00035. Following issuance of the Judgment, Guam Department of Corrections ("DOC") transferred custody of Petitioner to the Federal Bureau of Prisons and Petitioner served his sentence on the federal charges in federal prison. Following his release from

-1-

**ORIGINAL**

federal prison, Petitioner returned to Guam and submitted to the custody of DOC. Petitioner is currently confined and continues to serve out his life sentence pursuant to the Judgment issued by this Court.

Despite the fact that Petitioner became eligible for parole in 2004, he did not receive his first parole hearing until May of 2009, at which time Petitioner's request for parole was denied. Petitioner filed the present Petition for Habeas Corpus arguing that the denial of his right to a parole hearing for five consecutive years amounts to a due process violation justifying habeas relief. Notwithstanding various potential defects in the petition itself,[1] in addressing the merits of the petition this Court finds no legal basis on which it may grant habeas relief.

## DISCUSSION

A convicted individual has "no constitutional or inherent right . . . to be conditionally released before the expiration of a valid sentence," Greenholtz v. Inmates of Nebraska Penal Correcitonal Complex, 442 U.S. 1, 7, 99 S. Ct. 2100, 60 L.Ed.2d 668 (1979). However, under certain circumstances a prisoner may be able to show that he has been wrongfully detained and is entitled to habeas relief. Title 8, section 135.38 of the Guam Code establishes the circumstances under which a convicted individual is entitled to habeas relief:

**§ 135.38. When Defendant May be Discharged if Held under Process From Guam Courts.**

If it appears on the return of the writ that the prisoner is in custody by virtue of process form any court of this Territory, or judge or officer thereof, such prisoner may be discharged in any of the following case, subject to the restrictions of 135.36:

---

[1] First, there is some question as to whether Petitioner properly served the petition for writ of habeas corpus on the Attorney General as required by Title 8 G.C.A. § 135.14. Second, Petitioner states within his petition that he has not exhausted all available administrative remedies as is typically required before the writ may issue. Finally, the Petitioner fails to properly name the party "by whom he is so confined or restrained" as required by Title 8 G.C.A. § 135.12. But see 8 G.C.A. § 135.54 (stating that "[n]o writ of habeas corpus can be disobeyed for defect of form, if it sufficiently appear [sic] therefrom in whose custody or under whose restraint the party imprisoned or restrained is, the officer or person detaining him, and the court before whom he is to be brought.").

(a) When the jurisdiction of such courts or officer has been exceeded;

(b) When the imprisonment was at first lawful, yet by some act, omission, or event which has taken place afterwards, the party has become entitled to a discharge;

(c) When the process is defective in some matter of substance required by law, rendering such process void;

(d) When the process, though proper in form, has been issued in a case not allowed by law;

(e) When the person having the custody of the prisoner is not the person allowed by law to detain him;

(f) Where the process is not authorized by any order, judgment, or decree of any court, nor by any provision of law;

(g) Where a party has been committed on criminal charge without reasonable or probable cause.

8 G.C.A. § 135.38(a)-(g). Though Petitioner does not explicitly state which of the above provisions he believes entitles him to relief, this Court fairly presumes that the Petitioner's argument that his due process rights were violated by the Parole Board's five-year delay in holding the initial parole hearing relates to subsection (b). This Court also presumes that subsection (e) serves as the basis for Petitioner's argument that DOC is not authorized to detain him. Each of these bases is discussed below.

**I. The Five Year Delay**

Petitioner argues that the five-year delay between his parole eligibility date and the date on which he received his hearing violated his constitutional right to due process. Courts addressing this very issue have determined that habeas relief is not available to a convicted individual who has been wrongfully denied a parole hearing, either on initial release or upon revocation of parole, unless the petitioner can show he was prejudiced by the delay. See Taisipic v. Marion 1996 Guam 9, ¶ 42; Clifton v. Attorney General of State of California, 997 F.2d 660 (9th Cir. 1993); Jones v. U.S. Bureau of Prisons, 903 F.2d 1178, 1181 (8th Cir. 1990); Poyner v. U.S. Parole Comm'n, 878 F.2d 275, 276 (9th Cir. 1989); Heath v. U.S. Parole Comm'n, 788

F.2d 85 (2nd Cir. 1986); <u>Sacasas v. Rison</u>, 755 F.2d 1533, 1535 (11th Cir. 1985); <u>Sutherland v. McCall</u>, 709 F.2d 730, 732 (D.C. Cir. 1983); <u>United States ex rel. Pullia v. Luther</u>, 635 F.2d 612, 616-17 (7th Cir. 1980); <u>Beck v. Wilkes</u>, 589 F.2d 901 (5th Cir. 1979).

In <u>Jones v. U.S. Bureau of Prisons</u>, 903 F.2d 1178, 1181 (8th Cir. 1990), Jones was incarcerated and serving concurrent state and federal sentences. Jones was eligible for parole in 1981 in relating to his federal sentence, but was not granted a parole hearing until 1987. <u>Id.</u> The Eighth Circuit noted that neither it nor the trial court could correct the mistake by ordering Jones' release: because Jones had not shown any actual prejudice, the most the courts could do was to order the parole board to hold a fair hearing. <u>Id.</u> Thus, because the parole board *had* granted Jones a hearing, albeit nearly six years too late, the court held that petitioner had received all the relief to which he was entitled. <u>Id.</u> at 1181. In <u>Taisipic v. Marion</u>, 1996 Guam 9 ¶ 42, the Guam Supreme Court similarly held that "the appropriate remedy for denial or delay of a parole hearing is an order directing that the hearing be given."

In the present case, although Petitioner did not receive his first parole hearing until 2009 – five years after his date of eligibility – habeas relief is not available in the absence of any actual prejudice to Petitioner. Petitioner offers no proof that the delay adversely influenced his chances of parole or that he was otherwise prejudiced by the delay. The remedy available to petitioner during the delay was a writ of mandamus by which the court could have compelled a meeting of the Parole Board to discuss Petitioner's case. As Petitioner has since received proper hearings, this Court cannot grant any additional relief.

**II. DOC's Custody Over Petitioner**

In his Reply, Petitioner asserts additional arguments not raised in his Petition for Writ of Habeas Corpus. Petitioner apparently argues that because DOC did not communicate with the Bureau of Prisons to take immediate custody of Petitioner following his release from federal prison, DOC "waived any argument that [Petitioner] should not be released." (Pet'r's Response, 1) Petitioner also argues that DOC cannot exercise "local jurisdiction" to confine Petitioner. This Court finds no merit in these claims.

This Court issued a valid Judgment relating to Petitioner's violation of Guam law and Petitioner received a sentence of life in prison with the possibility of parole. That Judgment directed DOC to take custody of Petitioner. DOC did initially take custody of Petitioner and subsequently transferred custody to the Bureau of Prisons. Thereafter, Petitioner served time in federal prison on his related federal sentence. Petitioner's release from federal prison had no effect on the Judgment of this Court and DOC acted properly by taking action to ensure that Petitioner serves the sentence imposed by this Court. Cf. Hall v. Looney, 256 F.2d 59, 60 (10th Cir. 1958) ("[A] person . . . lawfully in the custody of one sovereign . . . remains exclusively in the jurisdiction of that sovereign until its jurisdiction has been exhausted."); Strand v. Schmittroth, 21 F.2d 590, 606 (9th Cir. 1957) ("The sovereign who lacks possession of the body 'permits' another to proceed against the accused . . . ."). DOC did not, and could not, "waive" its custody of petitioner, which was authorized pursuant to an order by this Court. DOC was, in fact, compelled to take custody of Petitioner once DOC determined that Petitioner had completed his federal sentence.

## CONCLUSION

Based on the foregoing, the Petition for Writ of Habeas Corpus is hereby DISMISSED without prejudice.

It is **SO ORDERED**, this 13th day of March, 2012.

HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

MAR 1 2012

Domingo M. Nego
Deputy Clerk, Superior Court of Guam